[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12323
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cr-00156-MHT-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD SWIFT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 9, 2015)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Donald Swift, Jr. appeals his 108-month sentence, imposed above an advisory guideline range of 57 to 71 months, after he pled guilty to one count of knowingly possessing firearms after having been previously convicted of a felony,

in violation of 18 U.S.C. § 922(g)(1).  On appeal, Swift argues that the district court's imposition of a four-level upward variance amounted to an unreasonable sentence because: (1) the district court improperly considered the psychological harm sustained by the victim; and (2) the court erroneously concluded that the Sentencing Guidelines failed to adequately account for the severity of the aggravated assault.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  When sentencing objections are raised for the first time on appeal, we consider them under the plain error doctrine.  United States v. Garrison, 133 F.3d 831, 848 (11th Cir. 1998).  In order to establish plain error, a defendant must show: (1) error (2) that is plain and (3) affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  If all three conditions are met, then we may exercise our discretion to correct an error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no

2

significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  A court's acknowledgment that it considered the § 3553(a) factors is sufficient, and it need not discuss each factor expressly.  United States v. Garza-Mendez, 735 F.3d 1284, 1290 (11th Cir. 2013), cert. denied, 135 S.Ct. 54 (2014).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will not remand for

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). When a district court imposes an upward variance based upon the § 3553(a) factors, it must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review. United States v. Early, 686 F.3d 1219, 1221 (11th Cir. 2012). We may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors justify the variance. Gall, 552 U.S at 51.

Here, Swift first has failed to show that the district court committed plain error based on Swift's claim -- not raised in the district court -- that it improperly relied upon psychological harm suffered by the victim as a factor in imposing the upward variance. As the record shows, the court concluded that the victim was a credible witness, and Swift's actions in burning, hitting, and terrorizing her with a firearm were "tantamount to torture." Although there was no direct evidence of psychological harm, the victim testified that she begged Swift to stop assaulting her, and she was afraid to leave his residence for fear he would retaliate against her. On this record, we cannot conclude that the district court's consideration of the psychological trauma suffered by the victim as a result of the assault seriously

4

affected the fairness, integrity, or public reputation of the judicial proceedings, or thus, that the court's consideration of this trauma amounted to plain error.

Nor did the district court abuse its discretion in varying upwards four-levels from Swift's advisory guideline range. Significantly, Swift himself acknowledges that some factors in the record "might have conceivably justified" imposing a 108-month sentence, but he faults the district court for failing to articulate them. However, the district court was not required to expressly discuss every factor on the record. See Garza-Mendez, 735 F.3d at 1290. Moreover, the record reveals that the district court considered many things in fashioning Swift's sentence, including testimonial evidence regarding the severity of Swift's assault on the victim and the extent of her injuries, as well as the PSI and the parties' arguments. It then determined that it was required to use the firearm guideline for calculating the offense level. At this point, the court expressed concern that this guideline did not include an enhancement based upon the severity of the assault, and instead reflected only that an assault occurred and assigned a four-level increase. While Swift says that just a two-level increase was warranted, it was within the discretion of the district court to assign more weight to the severity of the assault and the nature of the resulting injuries in determining an appropriate upward variance.

In any event, the record shows that the district court considered other factors in addition to the severity of the aggravated assault offense. The court expressly

5

noted its concern that, given Swift's criminal history which included a manslaughter conviction, he was "going to kill somebody else." In fashioning an appropriate sentence, the court was also permitted to consider the need to provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See 18 U.S.C. § 3553(a)(2). Thus, the record supports the district court's determination that an upward variance was justified. See Early, 686 F.3d at 1221. Swift has failed to show that his 108-month sentence was unreasonable in light of the record and the § 3553(a) factors.

**AFFIRMED**.